23907

SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, Respondent v. GREAT WESTERN COAL (KENTUCKY) INC., Great Western Coal, Inc., Clyde E. Goins and Joe C. Norman, Defendants, of whom Clyde E. Goins is the Appellant.

(437 S.E. (2d) 22)

Supreme Court

*T. Alexander Beard,* of *Cooper Beard & Dibble,* and *V. Thomas Lankford,* of *Sharp & Lankford,* Charleston, *for appellant.*

*Gedney Main Howe, III,* and *John Hamilton Smith,* of *Young, Clement, Rivers & Tisdale,* Charleston, and *Bristow Marchant,* of *Adams, Quackenbush, Herring & Stuart,* Columbia, *for respondent.*

Heard April 20, 1993.

Decided July 19, 1993.

*Per Curiam:*

This is an appeal from an order denying Appellant Clyde E. Goins's motion to compel arbitration. We reverse.

## FACTS

In 1978 and 1980 South Carolina Public Service Authority (Santee Cooper), contracted with Great Western (Kentucky), Inc., and Great Western Coal, Inc., to purchase coal for ten and twenty years, respectively. Great Western Coal and Great Western Coal (Kentucky) are collectively referred to herein as Great Western. Both contracts contained an arbitration clause.

On November 21, 1990, Santee filed a complaint against Great Western; Great Western's President, individually (Goins); and a former Santee employee, Joe C. Norman, alleging civil conspiracy, fraud, fraudulent interference with an employee contract, and breach of fiduciary duty by Norman.[1] Santee alleged Norman and Goins had increased the price of the coal while lowering its quality. On December 11, 1990, Goins demanded arbitration.

On February 11, 1991, Goins made a motion to dismiss and compel arbitration. Judge McInnis held the motion for arbitration in abeyance pending discovery and denied the motion to dismiss. Goins appealed. This Court dismissed the appeal without prejudice to any party's right to appeal the final order regarding arbitration. Further, this Court granted exclusive jurisdiction to hear all pretrial matters to Judge Howell.

In August 1991, Goins renewed his motion to compel arbitration. After a hearing on the motion, Judge Howell denied the motion.

## ISSUES

(1) Did the trial judge err in holding the arbitration provision was unenforceable?

(2) Did Judge Howell err in concluding Santee, a quasi-public entity, cannot enter into binding arbitration agreements?

---

[1] Santee and Great Western have reached a settlement in this action. Joe Norman died and his estate has not been substituted. Thus, the only defendant remaining in this action is Goins.

## DISCUSSION

### (1) Enforceability

Goins contends the trial judge erred in holding the arbitration clause was unenforceable because of fraud in factum. The trial judge held there was no allegation of fraud in inducement but found fraud in factum. The only evidence of any type of fraud in the complaint is Santee's allegation that Goins made false representations which caused it to undertake transactions.

In *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed. (2d) 1270 (1967), the United States Supreme Court addressed the issue whether a claim of fraud in the inducement of the entire contract is to be resolved by the court or may be arbitrated. The Court held arbitration clauses are separable from the contracts in which they are included. Therefore, there must be an allegation of fraud in inducement of the arbitration agreement to avoid arbitration of the contract itself. *Id.*

A few courts have distinguished fraud in the inducement from fraud in factum. In *Cancanon v. Smith, Barney, Harris, Upham & Co.*, 805 F. (2d) 998, 1000 (11th Cir. 1986), the court held "where the allegation is one of fraud in factum, i.e., ineffective assent to the contract, the issue is not subject to resolution pursuant to an arbitration clause contained in the contract." *See Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F. (2d) 1136 (9th Cir. 1991) (interpreted *Prima Paint* to be limited to challenges based upon fraud in inducement); *Republic of Philippines v. Westinghouse Elect. Corp.*, 714 F. Supp. 1362 (D.N.J. 1989). However, several courts have rejected this analysis and held the *Prima Paint* doctrine is not limited to rescission based on fraudulent inducement but extends to all challenges to a contract. *See e.g. R.M. Perez & Assoc., Inc. v. Welch*, 960 F. (2d) 534 (5th Cir. 1992); *C.B.S. Employees Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 912 F. (2d) 1563 (6th Cir. 1990) (citing *Rhoades v. Powell*, 644 F. Supp. 645, 653 (E.D. Cal. 1986); *Unionmutual Stock Life Co. v. Beneficial Life Ins. Co.*, 774 F. (2d) 524 (1st Cir. 1985).

We join the jurisdictions which have rejected limiting the holding in *Prima Paint*. We hold a party cannot avoid arbitration through rescission of the entire con-

tract when there is no independent challenge to the arbitration clause. Fraud as a defense to an arbitration clause must be fraud specifically as to the arbitration clause and not the contract generally. The arbitration clause is separable from the contract. *Prima Paint, supra.* Therefore, the trial judge erred in holding the arbitration clause is unenforceable because Santee did not plead the arbitration clause was fraudulently induced.

Goins also argues the trial judge erred in ruling Goins is not entitled to demand arbitration because he did not sign the contract in his individual capacity. We agree. In *Arnold v. Arnold Corp.*, 920 F. (2d) 1269 (6th Cir. 1990), the court held that a party should not be allowed to avoid an arbitration agreement by naming nonsignatory parties in his complaint, or *signatory parties in their individual capacity* because this would nullify the rule requiring arbitration. The court further held when the nonsignatory parties are willing to submit to arbitration, the case should be arbitrated. *Id.* Goins is the party seeking arbitration. Therefore, we hold the trial judge erred in denying Goins's motion to compel arbitration because he did not sign the contract.

Goins argues the trial judge erred in ruling the causes of action set forth in Santee's complaint are not covered by the arbitration clause. The arbitration clause in this case reads: "Any controversy between the parties hereto arising out of *or related to this contract,* or the breach thereof, shall be settled by arbitration." (Emphasis added.)

Arbitration is a matter of contract and controlled by contract law. 5 Am. Jur. (2d) *Arbitration and Award* § 11 (1962). Santee in its amended complaint alleges, among other things, tortious interference with its employee contract with Joe Norman. Although the complaint does not allege a breach of the coal contract, Goins contends the actual cause of action is based upon the coal contracts.

To decide whether an arbitration agreement encompasses a dispute a court must determine whether the factual allegations underlying the claim are within the scope of the broad arbitration clause, regardless of the label assigned to the claim. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed. (2d) 44 (1985); *J.J. Ryan & Sons, Inc., v. Rhone Poulenc*

*Textile, S.A.*, 863 F. (2d) 315 (4th Cir. 1988). Any doubts concerning the scope of arbitration should be resolved in favor of arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.E. (2d) 765 (1983). Furthermore, unless the court can say with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the dispute, arbitration should be ordered. *Mitsubshi, supra.*

Here, we find only the actions for which Santee seeks damages based upon the coal contracts are arbitrable and not the remaining causes of action. Therefore, we reverse the order denying arbitration and remand this case for the trial court to determine which causes of action are arbitrable under this criterion.

(2) Quasi-public Entity

Goins also argues the trial judge erred in holding Santee was barred from entering arbitration agreements because it is a governmental agency or a quasi-public entity. We agree. S.C. Code Ann. § 58-31-30(17) (Supp. 1992) authorizes the Public Service Authority (Santee) "to enter into agreements providing for binding arbitration...." Thus, Santee is specifically authorized by statute to enter arbitration agreements.

Reversed and remanded.

MOORE, J., not participating.