THIS OPNION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Lawrence M. Ridgeway, Respondent,
v.
The Litchfield Company of South Carolina Limited Partnership and The 
 Litchfield Company Inc., Defendants, Of whom The Litchfield Company of 
 South Carolina Limited Partnership is the, Appellant.
 
 
 

Appeal From Georgetown County
 J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2004-UP-631
Heard October 12, 2004  Filed December 
 15, 2004

AFFIRMED

 
 
 
Joseph C. Wilson, IV, of Charleston, for Appellant.
Saul  Gliserman, of Charleston, for Respondent.
 
 
 

HEARN, C.J.:  The Litchfield Company of South Carolina Limited 
 Partnership (Litchfield) appeals the circuit courts denial of its motion to 
 compel arbitration.  We affirm.
FACTS
The relevant facts are not in dispute.  On September 18, 1999, Lawrence 
 M. Ridgeway, as grantee, entered into a purchase agreement with Heritage-Litchfield, 
 Inc., as grantor, to purchase condominium unit 20-101 in the Avian Forest development 
 in Georgetown. [1]   The purchase agreement contained 
 an arbitration clause, which provided as follows:

 
 
ARBITRATION  In the event that a dispute or claim shall arise with respect 
 to any of the terms or provisions of this Master Deed, or a dispute between 
 the Grantor or any contractors employed by the Grantor, and any one or 
 more Unit Owners, such claims to include but not be limited to claims for 
 negligent or improper construction, failure to meet specifications, and other 
 claims related to structural improvements, all disputes or claims shall 
 be resolved by Binding Arbitration pursuant to Title 15, Chapter 48 (Uniform 
 Arbitration Act) of the Code of Laws of South Carolina.  All resulting awards 
 and determinations made by the arbitrators pursuant to the provisions of this 
 section shall be conclusively binding upon all parties hereto and judgment may 
 be rendered thereon.
 
 

(Emphasis added.)  Litchfield was involved with the sale of the unit 
 solely as the real estate broker for Heritage-Litchfield and marketing company 
 for the Avian Forest development.  
Shortly after purchasing unit 20-101, Ridgeway discovered 
 that the unit was infested with toxic mold.  Ridgeway asserted the mold rendered 
 the unit uninhabitable.  Ridgeway further asserted that the development lacked 
 several promised amenities and the grounds contained several abandoned or derelict 
 buildings.  According to Ridgeway, the mold infestation and other deficiencies 
 have rendered the unit without meaningful market value. 
Ridgeway 
 instituted an action against Litchfield alleging that he would not have purchased 
 the Avian Forest unit but for the tortious conduct of Litchfield, which caused 
 Ridgeway to believe that Litchfield, as opposed to Heritage-Litchfield, was 
 the developer of the Avian Forest project.  Ridgeway asserted causes of action 
 arising from the marketing and promotion of Avian Forest, including unfair trade 
 practices, negligent misrepresentation, constructive fraud, fraud, promissory 
 estoppel, and civil conspiracy.  Litchfield filed an answer and motion to compel 
 arbitration based upon the arbitration clause in the purchase agreement entered 
 into by Heritage-Litchfield and Ridgeway.  Litchfield concedes that it was neither 
 a party nor a signatory to the purchase agreement or arbitration clause. [2]   The circuit court denied Litchfields 
 motion to compel arbitration.  This appeal followed.
STANDARD OF REVIEW
 Whether a claim is subject to arbitration is an issue for judicial 
 determination, unless the parties have agreed otherwise.  Vestry and Church 
 Wardens of Holy Cross v. Orkin Exterminating Co., 356 S.C. 202, 207, 588 
 S.E.2d 136, 138 (Ct. App. 2003) (citation omitted).  In deciding whether the 
 parties have agreed to submit a particular grievance to arbitration, the court 
 should not rule on the merits of the underlying claims.  Zabinski v. Bright 
 Acres Assocs., 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001).  A motion 
 to compel arbitration made pursuant to an arbitration clause in a written contract 
 should only be denied where the clause is not susceptible to any interpretation 
 which would cover the asserted dispute.  Id.
 Determinations of arbitrability are subject to de novo review.  
 Vestry and Church Wardens of Holy Cross, 356 S.C. at 207, 588 S.E.2d 
 at 138.  However, the factual findings of the trial court will be overruled 
 only if there is no evidence reasonably supporting them.  Deloitte & 
 Touche, LLP v. Unisys Corp., 358 S.C. 179, 182, 594 S.E.2d 523, 525 (Ct. 
 App. 2004).
LAW/ANALYSIS
In the 
 case before us, we are not asked to determine whether the arbitration clause 
 would be valid and enforceable as between Ridgeway and Heritage-Litchfield because 
 Heritage-Litchfield does not seek arbitration.  Instead, Litchfield, a non-signatory 
 to the arbitration clause, seeks to compel arbitration against Ridgeway.  
Arbitration is contractual by nature.  See Zabinski v. Bright 
 Acres Assocs., 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001); Tritech 
 Elec., Inc. v. Frank M. Hall & Co., 343 S.C. 396, 399, 540 S.E.2d 864, 
 865 (Ct. App. 2000).  Therefore, a party cannot be required to submit to arbitration 
 any dispute that he has not agreed to arbitrate.  See United Steelworkers 
 of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960); Zabinski, 
 346 S.C. at 580, 553 S.E.2d at 118.  There is strong state and federal public 
 policy favoring arbitration agreements; however, such agreements must not be 
 so broadly construed as to encompass claims and parties that were not intended 
 by the original contract.  See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 
 Inc., 473 U.S. 614, 626 (1985); Towles v. United Healthcare Corp., 
 338 S.C. 29, 37, 524 S.E.2d 839, 844 (Ct. App. 1999).  However, arbitration 
 rests on the agreement of the parties, and the range of issues that can be arbitrated 
 is restricted by the terms of the agreement.  Zabinksi, 346 S.C. at 
 596-597, 553 S.E.2d at 118.  In determining whether an agreement to arbitrate 
 exists, the court should apply ordinary state-law principles that govern the 
 formation of contracts.  Towles, 338 S.C. at 37, 524 S.E.2d at 844 
 (citation omitted).  
Litchfield argues the trial judge erred in refusing to compel arbitration 
 because, despite its lack of contractual relationship with Ridgeway, it can 
 compel arbitration: (1) as a contractor under the arbitration clause of the 
 purchase agreement, and (2) as an agent of Heritage-Litchfield.  We disagree.  
      
 I.                 
Litchfield is a not contractor as intended by the arbitration clause. 
 
The arbitration clause of the purchase agreement provides for arbitration 
 of disputes between any contractors employed by the Grantor, and any one or 
 more Unit Owners, such claims to include but not be limited to claims for negligent 
 or improper construction, failure to meet specifications, and other claims related 
 to structural improvements.  Litchfield asserts that the term contractor, 
 according to Blacks Law Dictionary (4th ed. 1979), is strictly applicable 
 to any person who enters into a contract, but is commonly reserved to designate 
 one who, for a fixed price, undertakes to procure the performance of works or 
 services on a large scale. . . . [3]    Litchfield contends that it is a contractor 
 by definition and therefore entitled to compel Ridgeway to arbitrate its dispute.            

We agree with the trial court that the definition of contractor asserted 
 by Litchfield is correct in the broadest sense of the term, but that it is not 
 the definition intended by the parties in the arbitration clause.    The construction 
 of a clear and unambiguous contract is a question of law for the court.  Hawkins 
 v. Greenwood Dev. Corp.  328 S.C. 585, 592, 493 S.E.2d 875, 878 (Ct. 
 App. 1997) (citation omitted).  Whether a contract is ambiguous is to be determined 
 from the entire contract and not from isolated portions of the contract. Farr 
 v. Duke Power Co.  265 S.C. 356, 362, 218 S.E.2d 431, 433 (1975) 
 (citation omitted).  Common sense and good faith are the leading touchstones 
 of the inquiry.  Id. at 362, 218 S.E.2d at 434.
It is 
 clear, considering the purchase agreement as a whole, that the term contractor 
 found in the arbitration clause was intended to include only those parties to 
 a contract responsible for furnishing labor and materials for the construction 
 of Ridgeways condominium unit.  The entire body of the purchase agreement concerned 
 only the sale of an Avian Forest condominium unit, and the agreement stated 
 that Heritage-Litchfield shall cause the Property to be constructed substantially 
 in accordance with the Plan and Specifications previously reviewed by the purchaser 
 . . . .  The arbitration clause lists the types of disputes between Ridgeway 
 and contractors to include but not be limited to claims for negligent or improper 
 construction, failure to meet specifications, and other claims related to structural 
 improvements . . . .  The purchase agreement did not contemplate any other 
 type of contractor besides those responsible for furnishing labor and materials 
 for construction.  Therefore, Litchfield cannot enforce the arbitration clause 
 as a contractor because it did not furnish labor or materials for construction.  

 II.               
 Litchfield cannot compel arbitration solely as an agent of Heritage-Litchfield.
Litchfield 
 argues that under the principles of agency, a non-signatory may invoke an arbitration 
 clause as an agent of the signatory. South Carolina courts have yet to address 
 the issue of whether a non-signatory can invoke an arbitration clause solely 
 as an agent of the signatory.  
Litchfield cites South Carolina Public Service Authority v. Great 
 Western Coal, Inc., 312 S.C. 559, 437 S.E.2d 22 (1993) in support of the 
 proposition that South Carolina allows non-signatories to an arbitration agreement 
 to compel arbitration against a signatory.  In Great Western Coal, the 
 South Carolina Public Service Authority contracted with Great Western Coal, 
 including an agreement to arbitrate.  The Public Service Authority initiated 
 an action against Great Western Coal and its president, Clyde E. Goings, in 
 his individual capacity.  The court held Goings was entitled to demand arbitration 
 of the Public Service Authoritys claims even though he did not sign the arbitration 
 clause.  Great Western Coal relies on the Sixth Circuit Court of Appeals 
 in Arnold v. Arnold Corp., 920 F.2d 1269 (6th Cir. 1990) for this proposition, 
 stating:   [A] party should not be allowed to avoid an arbitration agreement 
 by naming nonsignatory parties in his complaint, or signatory parties in 
 their individual capacity because this would nullify the rule requiring 
 arbitration. Id. at 563, 437 S.E.2d at 24-25 (emphasis in original). 
 Thus, Great Western Coal permits only non-signatories who are alter egos 
 of a signatory to compel arbitration.  In this case, Litchfield cannot compel 
 arbitration because it is not an alter ego of the signatory, Heritage-Litchfield, 
 Inc.  
Moreover, the other jurisdictions that allow a non-signatory to compel 
 arbitration under the agency theory have done so only in instances where the 
 action against the agent is within the scope of the arbitration agreement as 
 contemplated by the signing parties.  See, e.g., Long v. Silver, 
 248 F.3d 309, 320-21 (4th Cir. 2001) (holding non-signatory could compel arbitration 
 because the claims against the non-signatory parent corporation fell within 
 the scope of the arbitration clause signed by the employee); Sunkist Soft 
 Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753, 758 (11th Cir. 1993) 
 (holding that because claims against the non-signatory were intimately founded 
 in and intertwined with a contract containing an arbitration clause, signatory 
 was estopped from refusing to arbitrate those claims); J.J. Ryan & Sons, 
 Inc. v. Rhone Poulenc Textile, S.A., 863 F.2d 315, 320-21 (4th Cir. 1988) 
 (holding that when allegations against a parent company and its subsidiary 
 are based on the same facts and are inherently inseparable, a court may refer 
 claims against the parent to arbitration even though the parent is not formally 
 a party to the arbitration agreement); Norcom Elecs. Corp. v. CIM USA Inc., 
 104 F.Supp.2d 198, 203 (S.D.N.Y. 2000) (quoting Smith/Enron Cogeneration 
 Ltd. Pship. v. Smith Cogeneration Int'l, Inc., 198 F.3d 88, 97-98 (2d Cir. 
 1999)) ([T]he U.S. Court of Appeals for the Second Circuit and other circuits 
 have been willing to estop a signatory from avoiding arbitration with a nonsignatory 
 when the issues the nonsignatory is seeking to resolve in arbitration are intertwined 
 with the agreement that the estopped party has signed.); First American 
 Title Ins. Corp. v. Silvernell,  744 So.2d 883, 887-88 (Ala. 1999) 
 (holding that non-signatory real estate agent had no right to compel arbitration 
 of purchasers claim of conspiracy by agents because the arbitration clause 
 defined arbitrable matters as controversies between the insurer and the insured 
 purchaser, and the insurer was not part of the conspiracy).
In this case, the arbitration clause applies to disputes between Ridgeway 
 and contractors responsible for furnishing labor and materials for construction.  
 Thus, Ridgeways claims for unfair trade practices, negligent misrepresentation, 
 constructive fraud, fraud, promissory estoppel, and civil conspiracy against 
 Litchfield would not fall within the scope of the arbitration clause.  Accordingly, 
 even if we were to apply an agency theory to allow a non-signatory to enforce 
 an arbitration clause, Litchfield would not be permitted to compel arbitration 
 because Ridgeways causes of action do not fall within the scope of the arbitration 
 clause. The order of the circuit court refusing to compel arbitration is therefore
AFFIRMED.
 HUFF and KITTREDGE, JJ., concur.

 
 [1] Heritage-Litchfield has declared bankruptcy.  
 There is on-going separate litigation between Ridgeway and the Heritage-Litchfield 
 insurers.

 
 [2] Subsequent to oral argument, the court received 
 correspondence from counsel for Ridgeway stating for the first time that an 
 agent of Litchfield was a signatory to the purchase agreement and therefore 
 the arbitration clause.  Contrarily, both parties asserted the exact opposite 
 in front of the trial judge and in their briefs on appealthat Litchfield 
 was a non-signatory to the purchase agreement.  Despite the revelations of 
 counsel for Ridgeway following oral argument, we are bound by the record on 
 appeal.  Rule 210(a), SCACR.  Because the record on appeal conclusively determines 
 that Litchfield was a non-signatory to the purchase agreement and arbitration 
 clause for purposes of our review, we must treat Litchfield as such.  

 
 [3] We note that this definition has been amended 
 to read 1. A party to a contract. 2. More specif., one who contracts to do 
 work or provide supplies for another.  Blacks Law Dictionary (8th 
 ed. 2004).