662 S.E.2d 426

**Amos Keith PARTAIN, Respondent,**

v.

**UPSTATE AUTOMOTIVE GROUP, Appellants.**

**No. 4373.**

Court of Appeals of South Carolina.

Heard March 5, 2008.

Decided April 23, 2008.

Rehearing Denied June 26, 2008.

---

Troy A. Tessier and Hannah Rogers Metcalfe, of Greenville, for Appellants.

W.N. Epps, Jr., of Anderson, for Respondent.

PIEPER, J.

Upstate Automotive Group appeals the circuit court's refusal to dismiss the legal action and compel arbitration of Amos K. Partain's tort claim. We reverse.

## FACTS

On March 30, 2006, Amos Keith Partain (Partain) purchased a vehicle from Upstate Automotive Group (Upstate). Partain contends that he negotiated with Upstate for the purchase of a specific black 2006 Nissan truck. During the negotiations, Partain claims he visited the dealership several times and test-drove the truck he intended to buy.

Upon signing the paperwork for the purchase and after participating in a "vehicle introduction," Partain drove the truck home where he allegedly discovered that the truck in his

possession was not the one he had test-driven and had intended to buy.

On April 28, 2006, Partain filed a complaint against Upstate alleging that Upstate violated the Unfair Trade Practices Act by selling Partain a different truck than the one he had negotiated to purchase. On May 8, 2006, Upstate filed a motion to dismiss and to compel arbitration consistent with an arbitration agreement the parties allegedly signed.

After a hearing, the circuit court denied the motion finding [1] that the claim was not arbitrable since the claim was a tort independent of the contract and because the alleged tortious behavior was not reasonably foreseeable. The court only addressed whether the nature of the claim herein was covered by the arbitration clause and presumed the validity of the arbitration clause. This appeal followed.

## STANDARD OF REVIEW

Unless the parties agree otherwise, the question of the arbitrability of a claim is for judicial determination. *Chassereau v. Global Sun Pools, Inc.*, 373 S.C. 168, 644 S.E.2d 718 (2007). While arbitrability determinations are subject to de novo review, appellate courts will not reverse a circuit court's factual findings if any evidence reasonably supports the findings. *Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 644 S.E.2d 663 (2007).

## LAW/ANALYSIS

Upstate argues that the circuit court erred in determining that the arbitration agreement did not apply to Partain's claim. We agree.

Both federal and state public policy strongly favor the arbitration of disputes. *Chassereau v. Global Sun Pools, Inc.*, 373 S.C. 168, 644 S.E.2d 718 (2007). A court should order arbitration, unless the court can say with positive assurance that the arbitration clause is not susceptible to any interpretation covering the dispute. *Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 597, 553 S.E.2d 110, 118 (2001). "How-

---

1. The circuit court made no findings upon the merits of the allegations.

ever, arbitration is a matter of contract, and a court cannot require a party to submit to arbitration any dispute, which he has not agreed to submit." *Aiken v. World Fin. Corp. of S.C.*, 373 S.C. 144, 148, 644 S.E.2d 705, 708 (2007).

"To decide whether an arbitration agreement encompasses a dispute a court must determine whether the factual allegations underlying the claim are within the scope of the broad arbitration clause, regardless of the label assigned to the claim." *S.C. Pub. Serv. Auth. v. Great W. Coal (Kentucky), Inc.*, 312 S.C. 559, 563, 437 S.E.2d 22, 25 (1993). "Any doubts concerning the scope of the arbitration clause should be resolved in favor of arbitration." *Id.* "A broadly-worded arbitration agreement applies to disputes that do not arise under the governing contract when a 'significant relationship' exists between the asserted claims and the contract in which the arbitration clause is contained." *Zabinski*, 346 S.C. at 598, 553 S.E.2d at 119; *see Long v. Silver*, 248 F3d 309 (4th Cir.2001). However, "[b]ecause even the most broadly worded arbitration agreements still have limits founded in general principles of contract law, [courts] will refuse to interpret any arbitration agreement as applying to outrageous torts that are unforeseeable to a reasonable consumer in the context of normal business dealings." *Aiken*, 373 S.C. at 151, 644 S.E.2d at 709.

In the case at bar, the pertinent part of the arbitration agreement states:

Buyer/Lessee acknowledges and agrees that all claims, demands, disputes or controversies of every kind or nature that may arise between them concerning any of the negotiations leading to the sale, lease or financing of the vehicle, terms and provisions of the sale, lease or financing shall be settled by binding arbitration conducted pursuant to the provision of 9 U.S.C. section 1 et. Seq. and according to the Commercial Rules of the American Arbitration Association[.] Without limiting the generality of the forgoing, it is the intention of the buyer/lessee and the dealer to resolve by binding arbitration all disputes between them concerning the vehicle[,] its sale, lease or financing and its condition including disputes concerning the terms and condition of the sale, lease or financing, the condition of the vehicle, any

damage to the vehicle, the terms and meaning of any of the documents signed or given in connection with the sale, lease or financing, any representations, promises or omissions made in connection with the negotiations for the sale, lease or financing of the vehicle, or any terms, conditions or representations made in connection with the financing, credit life insurance, disability insurance and vehicle extended warranty or service contract purchased or obtained in connection with the vehicle.

We do not construe this arbitration agreement as encompassing all claims that may arise between Partain and Upstate. Rather, we interpret this clause as applying only to disputes arising out of or relating to the underlying agreement. Accordingly, to compel arbitration, a "significant relationship" must exist between Partain's claim and the contract containing the arbitration agreement. *Vestry and Church Wardens of Church of Holy Cross v. Orkin Exterminating Co.*, 356 S.C. 202, 209, 588 S.E.2d 136, 140 (Ct.App.2003).

■■■■■ Generally, regardless of the label Partain assigns to the claim, the arbitration clause will apply if the requisite relationship exists with the underlying agreement. *See Great W. Coal (Kentucky)*, 312 S.C. at 563, 437 S.E.2d at 25. The underlying agreement between Upstate and Partain was for the sale of a vehicle. Partain's claim is that Upstate, in executing the sale of the vehicle to Partain, violated unfair trade practices.[2] The facts alleged by Partain are that he negotiated the purchase of a particular black 2006 Nissan truck and subsequent to that sale, Upstate switched vehicles and transferred a different vehicle to Partain than the one he had negotiated to purchase. We find that whether Partain received the vehicle he contracted to purchase is central to the agreement between Upstate and Partain. Accordingly, a significant relationship in fact does exist between Partain's unfair trade practice claim and the underlying agreement.

■■■ Having found a significant relationship exists between Partain's claim and the underlying agreement, we must next determine whether Upstate's actions constituted "illegal and

2. Partain did not assert a breach of contract claim or any other cause of action.

outrageous acts that [were] unforeseeable to a reasonable consumer in the context of normal business dealings." *Chassereau*, 373 S.C. at 172, 644 S.E.2d at 720. Recently, our supreme court refused "to interpret any arbitration agreement as applying to outrageous torts that are unforeseeable to a reasonable consumer in the context of normal business dealings." *Aiken*, 373 S.C. at 151, 644 S.E.2d at 709. In *Chassereau*, the court held a provision in an installation agreement requiring any disputes related to an above-ground swimming pool be subject to arbitration did not encompass unforeseen acts of the installer's employee that were historically associated with the tort of outrage. 373 S.C. 168, 644 S.E.2d 718. Similarly, in *Aiken*, the court held that an arbitration clause in a loan agreement between borrower and finance company did not apply to borrower's tort claims because the theft of the borrowers personal information was outrageous conduct that borrower could not possibly have foreseen. 373 S.C. 144, 644 S.E.2d 705. These cases merely "seek to distinguish those outrageous torts, which although factually related to the performance of the contract, are legally distinct from the contractual relationship between the parties." *Id.* at 152, 644 S.E.2d at 709.[3]

In the present case, we find the conduct alleged does not meet the standard established in *Chassereau* and *Aiken*.[4] Though the conduct alleged by Partain, if true, is conduct this

---

3. Moreover, in *Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 27, 644 S.E.2d 663, 670, our Supreme Court indicated that contracts between a consumer and automobile retailer may be viewed with "considerable skepticism." Notwithstanding, just as the supreme court indicated that adhesion contracts are not per se unconscionable, the court did not go so far as to indicate that similar consumer/automobile retailer contracts are per se unconscionable. The court reiterated that parties are always free to "contract away their rights." *Id.*, 373 S.C. at 28, 644 S.E.2d at 670. The freedom to contract does not necessarily preclude an attempt to set aside a contract based on various grounds including, but not limited to, unconscionability. However, unlike the *Simpson* case, the arbitration provision herein was not attacked on grounds of unconscionability; instead, the provision was presumed to be valid by the court. On appeal, neither party has challenged the validity of the arbitration provision.

4. The trial court never made a specific finding as to whether the alleged acts were outrageous under *Chassereau* and *Aiken*. However, the court did find that the plaintiff could not have foreseen the tortious conduct.

court would never condone or regard lightly, when the underlying tort claim is significantly related to the contract and the arbitration agreement is not violative of public policy, statutory law or the Constitution, this court will compel arbitration consistent with the strong presumption in its favor under our state's policy.

## CONCLUSION

We respectfully conclude the circuit court erred in denying the motion to compel arbitration. Since no other issues were raised as to the validity of the provision or otherwise, the decision is hereby

**REVERSED.**

HEARN, C.J. and CURETON, A.J., concur.