666 S.E.2d 294

**Ricky HATCHER, Respondent,**

v.

**EDWARD D. JONES & CO., L.P. and
David C. Freeman, Appellants.**

**No. 4431.**

Court of Appeals of South Carolina.

Heard May 8, 2008.
Decided Aug. 14, 2008.

E. Linwood Gunn, IV, of Canton and Sylvia Germaine Eaves, of Marietta, for Appellants.

Michael F. Mullinax, of Anderson, for Respondent.

HEARN, C.J.:

The issue presented here is whether a broadly-worded arbitration clause contained in an agreement for investment services should be applied to a lawsuit alleging the client's funds were transferred electronically to a third party without his authorization or consent. We hold the claims relating to breach of the underlying agreement should be arbitrated but the claims for negligence and a violation of the South Carolina

Unfair Trade Practices Act (SCUTPA) are not subject to arbitration. Accordingly, we affirm in part and reverse in part.

## FACTS

Ricky Hatcher opened a Roth Individual Retirement Account with Edward D. Jones & Co., L.P. (Edward Jones) in May of 2004. This account was managed by David Freeman, an agent for Edward Jones. At the beginning of his relationship with Edward Jones, Hatcher signed an authorized adoption agreement which contained an arbitration clause stating: "any controversy arising out of or relating to any of my accounts or transactions with you, your officers, directors, agents, and/or employees for me, to this agreement, or to the breach thereof ... from the inception of such account shall be settled by arbitration."

According to Hatcher's complaint, he deposited $113,584.68 with Edward Jones and Freeman (collectively Appellants) on or about May 1, 2004. Subsequently, the majority of those funds were withdrawn without his permission and deposited in an account of Hatcher's, and thereafter were withdrawn by a third person, who is now incarcerated as a result of her actions.

Hatcher brought this action against Appellants alleging the following causes of action: breach of contract, breach of contract accompanied by a fraudulent act, negligence, breach of fiduciary duty, and violation of SCUTPA. Hatcher alleged Appellants allowed his money to be withdrawn and wired to bank accounts without his knowledge.

Appellants answered Hatcher's complaint asserting numerous defenses, including that Hatcher's claims were subject to a binding arbitration provision. Thereafter, Appellants filed a motion to compel arbitration and a hearing was held. The circuit court denied the motion to compel arbitration, finding the "theft and conversion" of Hatcher's money was completely independent of the contract and could be maintained without reference to the contract. Moreover, the circuit court found the removal of Hatcher's money arose out of the unauthorized transfer of funds from his account, and that Hatcher did not sign a contract authorizing electronic funds transfer. This appeal followed.

## STANDARD OF REVIEW

"The determination of whether a claim is subject to arbitration is subject to de novo review." *Wellman, Inc. v. Square D Co.*, 366 S.C. 61, 67, 620 S.E.2d 86, 89 (Ct.App.2005). However, a circuit court's factual findings will not be reversed on appeal if any evidence reasonably supports the findings. *Thornton v. Trident Med. Ctr., L.L.C.*, 357 S.C. 91, 94, 592 S.E.2d 50, 51 (Ct.App.2003).

## LAW/ANALYSIS

Appellants contend the circuit court erred in denying their motion to compel arbitration because the arbitration agreement signed by Hatcher required that any controversy arising out of and/or relating to any account or transaction be submitted to arbitration. We agree with Appellants that the circuit court erred in failing to find Hatcher's claims for breach of contract, breach of contract accompanied by a fraudulent act, and breach of fiduciary duty are subject to arbitration. However, we find the circuit court correctly held Hatcher's claims for negligence and violation of SCUTPA are not subject to arbitration.

Both state and federal policy favor the arbitration of disputes. *Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001); *see also Chassereau v. Global Sun Pools, Inc.*, 373 S.C. 168, 171, 644 S.E.2d 718, 720 (2007). Unless a court can say with positive assurance that the arbitration clause is not susceptible to any interpretation that covers the dispute, arbitration should ordinarily be ordered. *Zabinski*, 346 S.C. at 597, 553 S.E.2d at 118–19. However, arbitration is a matter of contract, and a party cannot be required to arbitrate any dispute that he has not agreed to arbitrate. *Id.* at 596, 553 S.E.2d at 118. Accordingly, courts generally hold broadly-worded arbitration agreements apply to disputes in which a "significant relationship" exists between the asserted claims and the contract containing the agreement to arbitrate. *Id.* at 598, 553 S.E.2d at 119 (citing *Long v. Silver*, 248 F.3d 309 (4th Cir.2001)).

Appellants argue all of the claims asserted by Hatcher relate to the investment account that he set up with Edwards Jones, and, therefore, arbitration is warranted. We agree as

to some of the claims filed by Hatcher but disagree as to others.

In *Aiken v. World Finance Corp. of S.C.*, 373 S.C. 144, 644 S.E.2d 705 (2007), our supreme court refused to apply a broadly-worded arbitration clause to the theft of Aiken's personal information by World Finance employees. In holding there was not such a significant relationship between Aiken's contracts with World Finance and the tortious acts of its employees, the court specifically rejected World Finance's argument, similar to the one asserted by Appellants here, that without the underlying agreement, there could have been no theft giving rise to Aiken's claims. The supreme court stated:

> Applying what amounts to be a "but-for" causation standard essentially includes every dispute imaginable between the parties, which greatly oversimplifies the parties' agreement to arbitrate claims between them. Such a result is illogical and unconscionable.... "The mere fact that the dispute would not have arisen but for the existence of the contract and consequent relationship between the parties is insufficient by itself to transform a dispute into one 'arising out of or relating to' the underlying agreement."

*Id.* at 150, 644 S.E.2d at 708 (quoting *Seifert v. U.S. Home Corp.*, 750 So.2d 633, 638 (Fla.1999)).

The supreme court held the theft of Aiken's personal information by World Finance was outrageous conduct that could not possibly have been foreseen when Aiken agreed to do business with World Finance. Consequently, the court held Aiken's claims for outrage and emotional distress, negligence, negligent hiring/supervision, and unfair trade practices were not subject to arbitration.

However, the *Aiken* court instructed that its opinion should not be interpreted as excluding all intentional torts from the scope of arbitration. For example, a claim which essentially alleges a breach of the underlying contract such as breach of fiduciary duty or misappropriation of trade secrets would be within the contemplation of the parties in agreeing to arbitrate. *Id.* at 152, 644 S.E.2d at 709.

Applying the court's analysis in *Aiken* to the claims advanced by Hatcher in this case, we hold the claims for breach of contract, breach of contract accompanied by a fraudulent act, and breach of fiduciary duty allege a breach of the

underlying contract, and are therefore subject to the parties' agreement to arbitrate. However, Hatcher also sued for negligence and violation of SCUTPA. As in *Aiken*, although these claims are factually related to the performance of the contract, each action is legally distinct from the contractual relationship between the parties, and therefore, was not within the contemplation of the parties' agreement to arbitrate.[1] Just as the supreme court held in *Aiken*, we find that to interpret the arbitration provision contained in Hatcher's contract with Edward Jones to apply to alleged action completely outside the expectations of the parties at the time the contract was entered would be inconsistent with the goal favoring arbitration as an effective means for resolving disputes.

Accordingly, the circuit court's order is

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

SHORT, J., and KONDUROS, J., concur.

---

1.  We recognize our court recently held a SCUTPA claim was subject to arbitration when the underlying agreement between the parties was for the sale of a vehicle, and plaintiff alleged he received a vehicle different from the one he thought he was purchasing. *Partain v. Upstate Auto. Group*, 378 S.C. 152, 662 S.E.2d 426 (2008). The significant relationship we found existed between Partain's claim and the underlying agreement is not extant here, where the underlying agreement is for the investment of Hatcher's monies, and the SCUTPA claim is based on the wrongful electronic transfer of Hatcher's funds at the direction of a third party and without Hatcher's prior consent.