689 S.E.2d 602

**Amos Keith PARTAIN, Petitioner,**

v.

**UPSTATE AUTOMOTIVE GROUP, Respondent.**

**No. 26768.**

Supreme Court of South Carolina.

Heard Nov. 5, 2009.

Decided Feb. 8, 2010.

Rehearing Denied March 17, 2010.

W.N. Epps, Jr., and W.N. Epps, III, both of Epps, Nelson and Epps, of Anderson, for Petitioner.

Hannah Rogers Metcalfe and Troy A. Tessier, both of Wyche, Burgess, Freeman & Parham, of Greenville, and John C. Moylan, III, of Wyche, Burgess, Freeman & Parham, of Columbia, for Respondent.

490

PER CURIAM.

In this case we consider whether a tort claim premised on an alleged "bait and switch" is subject to an arbitration clause. Because we find the alleged conduct was not within the contemplation of the parties when they entered into the agreement, we find that the arbitration clause does not apply and we reverse the Court of Appeals opinion to the contrary.

## FACTS

In March 2006, Petitioner Amos Keith Partain met with Mikel Gadoran, an employee of Respondent Upstate Automotive Group (Upstate Auto) and discussed the purchase of a 2006 Nissan truck. After negotiations over the sale price, Gadoran phoned Partain and informed him that Gadoran's sales manager had authorized the sale at Partain's offered price. Shortly thereafter, Partain visited Upstate Auto for a test drive. Days later Partain received a phone call from Gadoran telling him that he could come pick up the truck.

Partain returned to Upstate Auto where he completed paperwork and Upstate Auto employees walked him through the "vehicle introduction" process with a Nissan truck. During the "vehicle introduction" Partain noticed that a truck bed extension previously affixed to the truck was missing. Upstate Auto employees explained that the extension had been removed but would be reinserted. Partain drove the truck home and eventually came to the conclusion that the truck was not the same vehicle he had negotiated to buy or taken for a test drive at Upstate Auto.

Partain filed suit against Upstate Auto alleging that he had been the victim of a "bait and switch" in violation of the South Carolina Unfair Trade Practices Act. Consequently, Partain alleged he was entitled to three times his actual damages plus interest, costs, and attorney's fees. Upstate Auto asserted three affirmative defenses in its Answer, including an arbitration agreement with Partain. Based on the arbitration agreement, Upstate Auto moved to dismiss Partain's claim. The circuit court denied Upstate Auto's Motion to Dismiss and Motion for Reconsideration. Upstate Auto appealed and the Court of Appeals reversed. *Partain v. Upstate Automotive Group*, 378 S.C. 152, 662 S.E.2d 426 (Ct.App.2008). This

Court granted certiorari. We now reverse the Court of Appeals.

## STANDARD OF REVIEW

 The question of arbitrability of a claim is an issue for judicial determination unless the parties provide otherwise. *See Zabinski v. Bright Acres Associates,* 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001). The determination whether a claim is subject to arbitration is subject to de novo review. *See Gissel v. Hart,* 382 S.C. 235, 240, 676 S.E.2d 320, 323 (2009). Nevertheless, a circuit court's factual findings will not be reversed on appeal if any evidence reasonably supports the findings. *See Aiken v. World Fin. Corp. of South Carolina,* 373 S.C. 144, 148, 644 S.E.2d 705, 707 (2007).

## ISSUES

Partain raises the following issues on certiorari:

I. Did the Court of Appeals err in holding that a "significant relationship" exists between Partain's Complaint and the contract between Partain and Upstate Auto?

II. Did the Court of Appeals err in holding that Upstate Auto's alleged conduct does not constitute "illegal and outrageous acts" unforeseeable to a reasonable consumer in the context of normal business dealings?

## DISCUSSION

**I. Did the Court of Appeals err in finding a "significant relationship" between Partain's claim and the contract?**

 The policy of the United States and of South Carolina is to favor arbitration of disputes. *Zabinski,* 346 S.C. at 596, 553 S.E.2d at 118. Unless a court can say with positive assurance that the arbitration clause is not susceptible to any interpretation that covers the dispute, arbitration should generally be ordered. *Aiken,* 373 S.C. at 149, 644 S.E.2d at 708, citing *Zabinski,* 346 S.C. at 596–97, 553 S.E.2d at 118–19. Regardless of the label the plaintiff uses, when deciding whether an arbitration agreement encompasses a dispute, a court must determine whether the factual allegations underly-

ing the claim are within the scope of the broad arbitration clause. *Zabinski*, 346 S.C. at 597, 553 S.E.2d at 118. Moreover, even if the court finds that a claim is outside of the scope of the arbitration clause, the clause may still apply. "A broadly-worded arbitration clause applies to disputes that do not arise under the governing contract when a significant relationship' exists between the asserted claims and the contract in which the arbitration clause is contained." *Zabinski*, 346 S.C. at 598, 553 S.E.2d at 119, citing *Long v. Silver*, 248 F.3d 309 (4th Cir.2001). Thus, a claim falls within the scope of an arbitration clause if it is encompassed by the language of the clause or if a "significant relationship" exists between the claim and the contract.

█ Apparently, the Court of Appeals found that the claim is not within the scope of the arbitration agreement as it proceeded directly to finding a "significant relationship" between Partain's claim and the contract. Because we find that the factual allegations underlying Partain's claim are encompassed by the terms of the arbitration clause, we need not reach the "significant relationship" question. Nevertheless, while we disagree with the reasoning of the Court of Appeals, we agree that, at least on its face, the arbitration clause applies.

The arbitration clause in the contract for sale between Partain and Upstate Auto provides in relevant part:

> Buyer/Lessee acknowledges and agrees that all claims, demands, disputes, or controversies of every kind or nature that may arise between them concerning any of the negotiations leading to the sale, lease or financing of the vehicle terms and provisions of the sale, lease or financing shall be settled by binding arbitration conducted pursuant to the provision[s] of 9 U.S.C. section 1, et. [s]eq. and according to the Commercial Rules of the American Arbitration Association[.] Without limiting the generality of the forgoing, it is the intention of the buyer/lessee and the dealer to resolve by binding arbitration all disputes between them concerning the vehicle its sale, lease or financing and its condition including disputes concerning the terms and condition of the sale, lease or financing, the condition of the vehicle, any damage to the vehicle, the terms and meaning of any of the

documents signed or given in connection with the sale, lease or financing, any representations, promises, or omissions made in connection with the negotiations for the sale, lease or financing, credit life insurance, disability insurance and vehicle extended warranty or service contract purchased or obtained in connection with the vehicle.

Partain's complaint alleges that, upon completion of the sale, Upstate Auto presented a truck to him that "was not the same truck that [Partain] had test driven . . . and was not the same truck that he had negotiated to buy. . . ." His claim is therefore encompassed by the following language: "Buyer/Lessee acknowledges and agrees that all claims, demands, disputes, or controversies of every kind or nature that may arise between them concerning any of the negotiations leading to the sale . . . of the vehicle and provisions of the sale . . . shall be settled by binding arbitration. . . ." Consequently, the factual allegations underlying Partain's claim fall within the language of the arbitration clause and the Court of Appeals did not err in finding a "significant relationship" between the contract and Partain's claim.

## II. Did the Court of Appeals err in holding that Upstate Auto's alleged conduct does not constitute "illegal and outrageous acts" unforeseeable to a reasonable consumer in the context of normal business dealings?

Partain argues that even if his claim is encompassed by language of the arbitration clause, the clause does not apply because the alleged actions of Upstate Auto constitute "illegal and outrageous acts" unforeseeable to a reasonable consumer in the context of normal business dealings. We agree.

In *Aiken,* a majority of this Court noted that, "[b]ecause even the most broadly-worded arbitration agreements still have limits founded in general principles of contract law, this Court will refuse to interpret any arbitration agreement as applying to outrageous torts that are unforeseeable to a reasonable consumer in the context of normal business dealings." *Aiken,* 373 S.C. at 151, 644 S.E.2d at 709. The Court provided that it did not seek to exclude all intentional torts

from the scope of arbitration, but only "those outrageous torts, which although factually related to the performance of the contract, are legally distinct from the contractual relationship between the parties." *Id.* at 152, 644 S.E.2d at 709. After all, arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit. *Aiken,* 373 S.C. at 149, 644 S.E.2d at 708, citing *Zabinski,* 346 S.C. at 596–97, 553 S.E.2d at 118–19.

*Aiken* involved a tort action based on the theft of the plaintiff's personal information by employees of a consumer finance company. *Id.* at 146, 644 S.E.2d at 706. The company sought to enforce a broadly-worded arbitration clause to which plaintiff had agreed in applying for a loan. *Id.* at 147, 644 S.E.2d at 707. The plaintiff submitted the information in applying for loans and paid off the last of the loans in 2000. *Id.* at 146, 644 S.E.2d at 707. The misuse forming the basis for the claim occurred over two years later. *Id.* at 147, 644 S.E.2d at 707. This Court held that the theft of personal information was "outrageous conduct that [plaintiff] could not possibly have foreseen when he agreed to do business with [finance company]." *Id.* at 151, 644 S.E.2d at 709. Consequently, the plaintiff could not have intended to submit the dispute to arbitration. *Id.*

We find this case is controlled by *Aiken.* Partain cannot be held to have foreseen that Upstate Auto, after completing a sale, would substitute an entirely different vehicle in place of the truck he had agreed to purchase.[1] Moreover, Partain cannot be held to have contemplated that, in signing the arbitration clause, he was agreeing to arbitrate claims arising from allegedly fraudulent conduct. We therefore disagree with the Court of Appeals holding that the conduct alleged by Partain does not meet the *Aiken* standard.

We emphasize that this case should not be read as providing an "end-run" around arbitration clauses. Where parties have contractually agreed to arbitrate a claim, a party may not escape its commitment simply by presenting his claim as a tort. Only where the claim presented was clearly not within

---

1. Though the circuit court did not address the *Aiken* standard, it found that Partain could not have reasonably foreseen the alleged tortious conduct.

the contemplation of the parties will a court decline to enforce an otherwise proper arbitration agreement.

## CONCLUSION

Though the terms of the arbitration clause may be interpreted to encompass Partain's claim we find that the parties did not intend to submit the alleged "bait and switch" to arbitration. We therefore reverse the Court of Appeals.