698 S.E.2d 809

Charles T. TIMMONS, Jr., as personal representative of
the Estate of Elizabeth N. Timmons, Petitioner,

v.

Jane T. STARKEY and UBS Financial
Services Inc., Defendants,

of whom UBS Financial Services Inc. is the Respondent.

No. 26874.

Supreme Court of South Carolina.

Heard May 12, 2010.
Decided Aug. 30, 2010.

Mitchell C. Payne and Charles M. Black, Jr., both of Warner, Payne and Black, of Columbia, and S. Brook Fowler, of Carter Smith Merriam Rogers and Traxler, of Greenville, for Petitioner.

Cory Hohnbaum, of King and Spalding, of Charlotte, NC, and James N. Gorsline, King and Spalding, of Atlanta, GA, for Respondent.

Ronald F. Barbare, of Lathan & Barbare, of Taylors, for Defendant.

Justice PLEICONES.

We granted certiorari to review a Court of Appeals decision reversing a circuit court order which had denied respondent's (UBS) request for arbitration of petitioner's claims. *Timmons v. Starkey*, 380 S.C. 590, 671 S.E.2d 101 (Ct.App.2008). We affirm.

## FACTS

In 1995, petitioner executed a durable power of attorney naming her daughter, defendant Starkey, as her attorney-in-fact. In 1996, petitioner opened an investment account with

J.C. Bradford & Co. (Bradford). In June 2004, the power of attorney was properly recorded. UBS became the successor-in-interest to Bradford, and in September 2004, petitioner executed an investment service contract with UBS, which included this arbitration clause:

BY SIGNING BELOW, I UNDERSTAND, ACKNOWL-EDGE AND AGREE ... that in accordance with the last paragraph of the Master Account Agreement entitled 'Arbitration[,]' I am agreeing in advance to arbitrate any controversies which may arise with ... UBS Financial Services in accordance with the terms outlined therein[.]

(Emphasis in original).

The arbitration clause of the Master Account Agreement provides, in part,

Client agrees ... that any and all controversies which may arise between UBS Financial Services, any of UBS Financial Services' employees or agents and Client concerning any account, transaction, dispute or the construction, performance or breach of this Agreement or any other agreement ... shall be determined by arbitration.

Petitioner's daughter, defendant Starkey, was an employee of UBS. Starkey removed over $129,000 from petitioner's account, and used this money for her own benefit. Petitioner brought this suit against Starkey and UBS, and both defendants sought to compel arbitration. The trial court denied both requests, but only UBS appealed. On appeal, the Court of Appeals reversed, and held UBS was entitled to arbitration.

### ISSUE

Did the Court of Appeals err in finding that petitioner's claims against UBS should be arbitrated?

### ANALYSIS

Petitioner concedes that the transaction at issue here, that is, Starkey's removal of funds from petitioner's UBS account is within the scope of the parties' arbitration agreement. She contends, however, that UBS's failure to prevent Starkey from removing the funds was outrageous and thus she should not be required to arbitrate her dispute. We disagree.

■ Arbitration clauses are not applicable to " 'illegal and outrageous acts' unforeseeable to a reasonable consumer in the context of normal business dealings." *Partain v. Upstate Auto. Group*, 386 S.C. 488, 689 S.E.2d 602, 605 (2010). We agree that, in the abstract, it is probable that where an employee of an investment company steals money from an investor's account, that illegal act would not be found to be foreseeable from the investor's standpoint, and thus the transaction would not be subject to arbitration. *Compare Aiken v. World Fin. Corp.*, 373 S.C. 144, 644 S.E.2d 705 (2007) (not foreseeable that company's employees would steal client's identity).

■ Here, however, we do not have a theft of funds from petitioner's account. Instead, petitioner's complaint alleges that "Starkey utilized the authority granted to her under [petitioner's] power of attorney ... [by] removing [petitioner's]funds and assets from accounts at UBS and transferring the same to Starkey's own accounts...." That Starkey was also a UBS employee does not make the transaction carried out by Starkey in her capacity as her mother's attorney-in-fact "illegal" or "outrageous." There is nothing in this complaint that would support a finding that UBS did anything illegal or outrageous in permitting Starkey, an individual acting pursuant to a durable power of attorney, access to the funds and assets in petitioner's account.

Starkey's actions may well be found to be outrageous and/or illegal at her trial, but her alleged misconduct in removing the funds and assets was not the result of her professional relationship with UBS, but rather was the result of her mother's decision to make Starkey her attorney in fact. Under the facts of this case, there is no allegation susceptible of a construction that UBS acted either illegally or outrageously. Accordingly, UBS's arbitration request should be honored. The decision of the Court of Appeals is

**AFFIRMED.**

KITTREDGE, J., and Acting Justices JAMES E. MOORE and E.C. BURNETT, III, concur. TOAL, C.J., dissenting in a separate opinion.

Chief Justice TOAL.

I respectfully dissent. Petitioner argues that the court of appeals erred in reversing the trial court's order denying UBS's request for arbitration of her claims. I agree, and would reverse the court of appeals' decision.

In my view, this case is on all fours with this Court's decision in *Aiken v. World Fin. Corp.* 373 S.C. 144, 644 S.E.2d 705 (2007). In *Aiken,* we held that an employee's theft of a client's identity was not a foreseeable risk contemplated by the contract. An arbitration clause does not cover every potential suit between the signing parties; instead, it only applies to those claims foreseeably arising from the contractual relationship. Because the harm to the client was not foreseeable, we held the claim was not subject to the agreed upon arbitration clause. *Id.,* 373 S.C. at 151, 644 S.E.2d at 709.

The facts of this case are analogous to those in *Aiken.* In her complaint, Petitioner claims UBS breached its fiduciary duty by allowing its employee, Petitioner's daughter, to steal Petitioner's money and by failing to adopt, implement, and enforce policies and procedures to prevent employees from stealing and misappropriating clients' funds. In my view, even though Petitioner's daughter was her attorney-in-fact, her theft of the funds at issue was allegedly made possible because of her access to the accounts as an employee of UBS. The fact that Petitioner would be injured by UBS's failure to enforce or implement policies and procedures to prevent the misappropriation of funds by its employees was not foreseeable to Petitioner at the time she entered into the contract with UBS. Therefore, in my view, Petitioner's claims against UBS are not subject to the arbitration clause.

For this reason, I would reverse the court of appeals decision.