THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Richard H.
 Coen, Coen Capital, LLC, and Lowcountry Capital, LLC, Respondents,
 
 
 

v.

 
 
 
 Dianne Crowley,
 Cecil Crowley, Steve Carroll, Individually and as Principals and Agents of
 RedWing, LLC & Wings Over America, Inc.; RedWing, LLC & Wings Over
 America, Inc., 
 
 
 

Appeal From Charleston County
J.C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2012-UP-134
 Submitted February 1, 2012  Filed
February 29, 2012    

AFFIRMED

 
 
 
 Andrew K. Epting, Jr. and Michelle N.
 Endemann, both of Charleston, for Appellants.
 Hugh W. Buyck, of Mount Pleasant, for
 Respondents.
 
 
 

PER CURIAM:  Dianne
 Crowley, Cecil Crowley, Steve Carroll, individually and as principals and
 agents of Redwing, LLC and Wings Over America, Inc. (collectively Redwing) appeal the
 trial court's denial of their motion to compel arbitration in a lawsuit filed against them by Richard H. Coen, Coen Capital, LLC, and Lowcountry
 Capital, LLC.[1] 
 We affirm[2] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Aiken v. World Fin. Corp. of S.C., 373 S.C. 144, 148, 644 S.E.2d 705, 707 (2007) ("The
 determination of whether a claim is subject to arbitration is subject to de novo review. Nevertheless, a [trial] court's factual findings will not
 be reversed on appeal if any evidence reasonably supports the findings."
 (citation omitted)); Chassereau v. Global-Sun Pools, Inc., 363 S.C.
 628, 632, 611 S.E.2d 305, 307 (Ct. App. 2005) ("Arbitration rests on
 the agreement of the parties, and the range of issues that can be arbitrated is
 restricted by the terms of the agreement." (quotation
 marks omitted)); id. at 633, 611 S.E.2d at 307 ("[A] clause
 compelling arbitration for any claim 'arising out of or relating to this
 agreement' may cover disputes outside the agreement, but only if those disputes
 relate to the subject matter of that agreement."
 (quotation marks omitted)); Partain v. Upstate Auto. Grp., 386 S.C.
 488, 491-92, 689 S.E.2d 602, 604 (2010) ("[W]hen deciding whether an arbitration
 agreement encompasses a dispute, a court must determine whether the factual
 allegations underlying the claim are within the
 scope of the broad arbitration clause.").
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decline to address Redwing's second issue
 regarding its motion to stay because the motion to compel arbitration issue is
 dispositive.  See Futch v. McAllister Towing of Georgetown,
 Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate
 court need not address appellant's remaining issues when its determination of a
 prior issue is dispositive).
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.