**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rita St. Aubin, as personal representative of the Estate of Irene Ramsey, Respondent,

v.

THI of South Carolina at Camp Care, LLC d/b/a Lake Emory Post Acute Care; THI of South Carolina, LLC; Hunt Valley Holdings, LLC; THI of Baltimore, Inc.; and Casey Caddell, as Officer/Manager of THI of South Carolina at Camp Care, LLC d/b/a Lake Emory Post Acute Care, Appellants.

Appellate Case No. 2020-000357

———————————

Appeal From Spartanburg County
Grace Gilchrist Knie, Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-204
Submitted May 18, 2023 – Filed May 24, 2023

———————————

**REVERSED AND REMANDED**

———————————

Stephen Lynwood Brown, Matthew Oliver Riddle, Russell Grainger Hines, Donald Jay Davis, Jr., and Gaillard Townsend Dotterer, III, all of Clement Rivers, LLP, of Charleston, for Appellants.

Eric Marc Poulin, of Anastopoulo Law Firm, LLC, of Charleston; and Roy T. Willey, IV, of Charleston, both for Respondent.

———————

**PER CURIAM:**  THI of South Carolina at Camp Care, LLC d/b/a Lake Emory Post Acute Care, THI of South Carolina, LLC, Hunt Valley Holdings, LLC, THI of Baltimore, Inc., and Casey Caddell, as Officer/Manager of THI of South Carolina at Camp Care, LLC d/b/a Lake Emory Post Acute Care (collectively, Appellants) appeal the circuit court's denial of their motions to stay and to compel arbitration. On appeal, Appellants argue the circuit court erred by finding the Arbitration Agreement unenforceable for indefiniteness of material terms and for lack of consideration.  We reverse and remand for arbitration pursuant to Rule 220(b), SCACR.

We hold there was a meeting of the minds as to essential and material terms; thus, the circuit court erred by finding the Arbitration Agreement was unenforceable for indefiniteness of material terms.[1]  *See Partain v. Upstate Auto. Grp.*, 386 S.C. 488, 491, 689 S.E.2d 602, 603 (2010) ("The determination whether a claim is subject to arbitration is subject to de novo review."); *Grant v. Magnolia Manor-Greenwood, Inc.*, 383 S.C. 125, 130, 678 S.E.2d 435, 438 (2009) ("In order to have a valid and enforceable contract, there must be a meeting of the minds between the parties with regard to all essential and material terms of the contract."); *York v. Dodgeland of Columbia, Inc.*, 406 S.C. 67, 82-83, 749 S.E.2d 139, 147 (Ct. App. 2013) ("[T]he lack of a specified arbiter is not an omission of a material term.  While the *Grant* court held that a named arbitrator is a material term *when one is specified within an agreement,* and that FAA Section 5 does not apply when *such a specification exists,* these holdings are inapplicable when the contract does not specify a particular arbitrator, i.e., make the chosen arbitrator a material term.  In fact, this is the exact situation to which Section 5 of the FAA applies."); 9 U.S.C.A. § 5 (2021) (providing a mechanism to select an arbiter when the agreement does not do so); *York*, 406 S.C. at 83, 749 S.E.2d at 147 (finding "discovery rules, *cost allocations*, or arbitration initiation procedures" are "'ancillary logistical' [terms] not required within an arbitration agreement" (emphasis added)).

———————

[1] We note the parties agreed at the circuit court hearing that the Federal Arbitration Act (FAA), 9 U.S.C.A. §§ 1 -to 16 (2021), governs the Arbitration Agreement at issue.

We further hold the Arbitration Agreement was supported by the valuable consideration of mutual promises; thus, the circuit court erred by finding the Arbitration Agreement was unenforceable for lack of consideration. *See Partain*, 386 S.C. at 491, 689 S.E.2d at 603 ("The determination whether a claim is subject to arbitration is subject to de novo review."); *Furman Univ. v. Waller*, 124 S.C. 68, 117 S.E. 356, 362 (1923) (providing a "[p]romise for promise is a sufficient consideration" to support a bilateral contract (quoting *Rice v. Sims*, 8 Rich. 416 (1832)); *Rickborn v. Liberty Life Ins. Co*., 321 S.C. 291, 304, 468 S.E.2d 292, 300 (1996) (finding "the exchange of promises qualified as consideration" for a life insurance policy even when policy holder had not yet paid first premium); *Evatt v. Campbell*, 234 S.C. 1, 8, 106 S.E.2d 447, 451 (1959) ("Mutual promises also constitute a good consideration"); *O'Neil v. Hilton Head Hosp.*, 115 F.3d 272, 275 (4th Cir. 1997) (noting that an arbitration agreement between an employee and an employer where only the employee promises to submit claims to arbitration could not constitute sufficient consideration for an arbitration agreement, but as long as both parties agreed to arbitration, sufficient consideration existed to form an arbitration agreement).

Accordingly, we reverse and remand.[2]

**REVERSED AND REMANDED.**[3]

**WILLIAMS, C.J., and VINSON and VERDIN, JJ., concur.**

---

[2] Because of its holding, the circuit court also denied Appellants' motions to stay as moot; in light of this court's disposition, on remand, the circuit court should rule on the merits of the motions to stay.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.