**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

BVW Holding AG, Respondent,

v.

Hoowaki, LLC, Appellant.

Appellate Case No. 2021-001168

---

Appeal From Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-019
Submitted December 1, 2023 – Filed January 10, 2024

---

**AFFIRMED**

---

Vincent Austin Sheheen and Michael Dennis Wright, both of Savage Royall & Sheheen, of Camden, for Appellant.

Ross Buchanan Plyler and Amber Bagby Glidewell, both of Cassidy Coates Price, P.A., of Greenville, for Respondent.

---

**PER CURIAM:** This appeal arises over a dispute between BVW Holding AG (BVW) and Hoowaki, LLC regarding an unpaid debt on a promissory note executed in October of 2018. Hoowaki appeals the circuit court's denial of its

motion to dismiss and compel arbitration, arguing (1) the circuit court improperly shifted the burden when it applied an incorrect standard of review and (2) the circuit court erred in denying the motion.  We affirm.

## FACTS

On October 16, 2018, Hoowaki executed and delivered a promissory note to BVW containing a promise to pay the principal sum of $119,000.00 (the Note).  The terms of the Note provided that "on failure to pay any installment of either principal or interest, or any portion thereof when due, then the whole principal sum and accrued interest, shall . . . become due and payable without further notice."  Hoowaki failed to pay in accordance with the terms of the Note, and BVW declared the entire outstanding indebtedness due and payable.

BVW filed this action, seeking payment for the amount owed under the Note.  Hoowaki filed its Motion to Dismiss and Compel Arbitration asserting in part that BVW's complaint should be dismissed "pursuant to Rule 12 of the SC Rules of Civil Procedure, as amended; the Federal Uniform Arbitration Act [(FAA)]; as well as applicable Federal and South Carolina jurisprudence."  In addition, Hoowaki relied on an earlier agreement between the parties, a Cooperation and Licensing Agreement (the Agreement) dated January 10, 2012.[1]  The Agreement granted licenses for certain patents and dictated the collaborative relationship between the parties for development of certain products.  The Agreement also contained an alternative dispute resolution clause.  Hoowaki argued any dispute regarding the Note should be resolved pursuant to the terms of the Agreement's alternative dispute resolution clause.  After a hearing, the circuit court denied the motion to dismiss and compel arbitration and Hoowaki's subsequent motion for reconsideration.  On October 13, 2021, BVW filed an affidavit of default, stating Hoowaki had not served an answer as required by the summons and the South Carolina Rules of Civil Procedure.  This appeal followed.

## STANDARD OF REVIEW

"The determination of whether a claim is subject to arbitration is subject to *de novo* review."  *Wellman, Inc. v. Square D Co.*, 366 S.C. 61, 67, 620 S.E.2d 86, 89 (Ct. App. 2005).  "Nevertheless, a circuit court's factual findings will not be reversed on appeal if there is any evidence reasonably supporting the findings." *Id.* (quoting

---

[1] The Agreement was amended in 2017, more than a year prior to the parties entering into the Note.

*Thornton v. Trident Med. Ctr., L.L.C.*, 357 S.C. 91, 94, 592 S.E.2d 50, 51 (Ct. App. 2003)).

**LAW/ANALYSIS**

In its order denying Hoowaki's motion to dismiss and compel arbitration, the circuit court determined that BVW's complaint sufficiently stated facts in order to constitute its cause of action for suit on the Note. The court highlighted that the Note specifically provided it was made and executed under, and was to be construed by, the laws of South Carolina. We agree and therefore proceed with the analysis.

**I.     Improper Shift of Burden Based on Incorrect Standard of Review**

Hoowaki contends the circuit court committed reversible error of law when it improperly shifted the burden from BVW to Hoowaki to prove whether a claim is suitable for arbitration. We disagree.

The threshold issue in reviewing the circuit court's order is to determine whether a valid, binding arbitration agreement exists in the first place. It is well established, and the South Carolina Uniform Arbitration Act[2] (UAA) generally provides, "where one party denies the existence of an arbitration agreement raised by an opposing party, a court must immediately determine whether the agreement exists in the first place. If no agreement is found to exist, the court must deny any application to arbitrate." *Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 22, 644 S.E.2d 663, 667 (2007) (citation omitted). "Whether a valid arbitration agreement exists is a matter [of] judicial determination." *York v. Dodgeland of Columbia, Inc.*, 406 S.C. 67, 78, 749 S.E.2d 139, 144 (Ct. App. 2013) (citing *Partain v. Upstate Auto. Grp.*, 386 S.C. 488, 491, 689 S.E.2d 602, 603 (2010)). We find that by first determining whether an agreement existed, the circuit court used the correct standard for the initial inquiry.

Hoowaki relies on caselaw stating that a "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Dean v. Heritage Healthcare of Ridgeway, LLC*, 408 S.C. 371, 379, 759 S.E.2d 727, 731 (2014) (quoting *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000)). Hoowaki thus argues the circuit court erred by applying the wrong burden of proof when it stated the party seeking to enforce the agreement to arbitrate has the

---

[2] S.C. Code Ann. § 15-48-20(a) (2005).

burden of establishing a valid arbitration agreement's existence. While Hoowaki focuses on an improper burden shift, it seemingly ignores the threshold determination: whether a valid arbitration agreement exists is a matter of judicial determination. *See York*, 406 S.C. at 78, 749 S.E.2d at 144. Hoowaki argues it properly presented a valid, binding arbitration agreement; therefore, it was incumbent upon BVW to prove the claim was unsuitable for arbitration. However, based upon *Simpson*, the threshold issue is whether or not an agreement exists in the first place, and the circuit court here correctly held the party seeking arbitration had the burden of proving the existence of a valid agreement to arbitrate.

## II.     Denial of Motion to Arbitrate

### a.  The FAA

Hoowaki contends the circuit court erred by failing to fully consider and apply provisions of the FAA,[3] which would have mandated the circuit court to direct the parties to proceed to arbitration. We disagree.

BVW concedes that aspects of an arbitration clause are subject to the FAA; however, BVW argues this court has held "South Carolina law applies to the initial determination of whether an arbitration agreement exists." *MBNA Am. Bank, N.A. v. Christianson*, 377 S.C. 210, 213, 659 S.E.2d 209, 211 (Ct. App. 2008). Relying again on *Simpson*, we conclude if one party disputes the existence of an arbitration agreement, it is up to a court to determine whether such an agreement exists.[4] Accordingly, the circuit court properly held no valid, binding arbitration agreement applied to the Note, "the Note is governed by the laws of South Carolina," and the FAA did not apply.

### b.  Relationship Between the Note and the Agreement

Hoowaki asserts that a significant relationship exists between the claims in the Note and the Agreement, which contains the alternate dispute resolution clause. We disagree.

---

[3] 9 U.S.C.A. §§ 1-14 (2021).
[4] "The [UAA] generally provides that where one party denies the existence of an arbitration agreement raised by an opposing party, a court must immediately determine whether the agreement exists in the first place." *Simpson*, 373 S.C. at 22, 644 S.E.2d at 667.

Hoowaki attempts to link the broadly-written arbitration provision in the Agreement to its failure to pay on the Note created six years later. BVW argues the Note and the Agreement are separate and distinct agreements between the parties and there is no significant relationship between the two agreements such that the alternative dispute resolution clause in the Agreement could apply to claims arising under the Note.

The circuit court found the Note and the Agreement were unrelated and Hoowaki's obligations to repay the Note did not arise out of the Agreement as it is a "wholly unrelated obligation of Hoowaki to BVW." The court found the Agreement is a stand-alone agreement separate and distinct from the Note, and the Note is devoid of any reference to the Agreement. The circuit court's order detailed the distinct dispute resolution procedures in both the Note and the Agreement[5] and concluded, "The dispute resolution procedures provided in the Agreement cannot be reconciled with the Note's explicit language for resolution of the payment terms."

BVW relies on *Aiken v. World Finance Corp., of South Carolina*, which states,

> [A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit. Given these principles, courts generally hold that broadly-worded arbitration agreements apply to disputes in which a "significant relationship" exists between the asserted claims and the contract in which the arbitration clause is contained.

373 S.C. 144, 149, 644 S.E.2d 705, 708 (2007).

In *Aiken*, the defendant sought to enforce an arbitration agreement against the plaintiff, arguing that but for the agreement being in place between the plaintiff and the defendant, the plaintiff's cause of action would not have arisen. *Id.* Thus, the claims had a significant relationship to the agreement and its arbitration provision. *Id.* at 149-50, 644 S.E.2d at 708. The Supreme Court of South Carolina

---

[5] The circuit court found: "Section 11.2(a) of [the Agreement] requires that each party first provide a 'Dispute Notice' to summarize the dispute, set forth the party's position, and provide relevant material." The circuit court also found: "In contrast, the Note, governed by South Carolina law, explicitly waives any requirement to follow the dispute resolution procedure contained in the Agreement, and states that the maker waives presentment, demand, protest, and notice of dishonor."

found this line of reasoning unpersuasive, stating, "Applying what amounts to a 'but-for' causation standard essentially includes every dispute imaginable between the parties, which greatly oversimplifies the parties' agreement to arbitrate claims between them." *Id*. at 150, 644 S.E.2d at 708. Our supreme court further stated that such result is "illogical and unconscionable." *Id*.

Hoowaki's "significant relationship" argument relies mostly on the idea that the circuit court should have applied the FAA because the transaction deals with "interstate commerce" and BVW is a Swiss company while Hoowaki is a South Carolina company. However, because no valid arbitration agreement exists in the first place, this argument has no merit. Furthermore, we find the Note and the Agreement were not sufficiently intertwined to impose the arbitration clause in the Agreement to the Note. We find the circuit court correctly determined that a significant relationship did not exist between the broadly-written alternative dispute resolution clause in the Agreement and the claims that arose six years later out of a default on the Note. *See New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 627, 667 S.E.2d 1, 4 (Ct. App. 2008) (stating arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit); *see also Watson v. Underwood*, 407 S.C. 443, 454-55, 756 S.E.2d 155, 161 (Ct. App. 2014) ("The cardinal rule of contract interpretation is to ascertain and give effect to the intention of the parties and, in determining the intention, the court looks to the language of the contract." (quoting *Sphere Drake Ins. Co. v. Litchfield*, 313 S.C. 471, 473, 438 S.E.2d 275, 277 (Ct. App. 1993))).

**CONCLUSION**

Accordingly, the circuit court's order on appeal denying the motion to dismiss and compel arbitration is

**AFFIRMED.**[6]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[6] We decide this case without oral argument pursuant to Rule 215, SCACR.