**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ethan Tyler Vanfossen and Corey J. Davis, on behalf of themselves and all others similarly situated, Respondents,

v.

Love Chevrolet Company, Appellant.

Appellate Case No. 2023-001034

———————

Appeal From Richland County
Daniel Coble, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-003
Heard December 5, 2024 – Filed January 2, 2025

———————

**REVERSED AND REMANDED**

———————

Sarah Theresa Eibling and Blake Terence Williams, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, and Joseph Gregory Studemeyer, of Studemeyer Law Firm, of Irmo, all for Appellant.

David Andrew Maxfield, of Dave Maxfield, Attorney, LLC, and Andrew Sims Radeker, of Radeker Law, P.A., both of Columbia, for Respondents.

———————

**PER CURIAM:** Ethan Tyler Vanfossen and Corey J. Davis (collectively, Purchasers) separately bought the same model truck from Love Chevrolet Company (Love). Purchasers later sued Love alleging that Love misrepresented the truck's towing capacity, both in statements to them and in online advertisements. Love sought to compel arbitration pursuant to an arbitration agreement executed during the sales.

The circuit court denied Love's motion to compel arbitration, finding that Love's right to compel arbitration was extinguished when it assigned the financing agreements executed in the sales to GM Financial. The circuit court relied on this court's opinion in *Sanders v. Savannah Highway Automotive Company*, 432 S.C. 328, 852 S.E.2d 744 (Ct. App. 2020), which dealt with the same argument. In light of the fact that our supreme court reversed *Sanders* after the circuit court ruled in this case, 440 S.C. 377, 892 S.E.2d 112 (2023), we reverse.

"Appeal from the denial of a motion to compel arbitration is subject to de novo review." *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008). "Nevertheless, a circuit court's factual findings will not be reversed on appeal if any evidence reasonably supports the findings." *Partain v. Upstate Auto. Grp.*, 386 S.C. 488, 491, 689 S.E.2d 602, 603 (2010).

We must begin by addressing whether the case involves federal arbitration law. Purchasers argue that the Federal Arbitration Act (FAA) does not apply because these transactions supposedly did not involve interstate commerce. We respectfully reject this argument for two reasons. First, the record does not reflect that Purchasers made this argument to the circuit court. In fact, Purchasers made arguments under the FAA in response to Love's motion to compel arbitration. While the circuit court did not make an explicit ruling on whether the FAA applied, the court did reference the FAA in its order. Accordingly, this issue is not properly before us. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *see also Moses v. State*, 442 S.C. 263, 269, 898 S.E.2d 174, 177 (Ct. App. 2024) ("[I]t is a litigant's duty to bring to the court's attention any perceived error, and the failure to do so amounts to a waiver of the alleged error." (alteration in original) (quoting *State v. Geer*, 391 S.C. 179, 193, 705 S.E.2d 441, 448 (Ct. App. 2010))).

Second, even if this issue was preserved, Purchasers' argument cannot prevail on the merits. Precedent explains that, unless the parties have contracted otherwise, "the FAA applies . . . to any arbitration agreement regarding a transaction that *in fact*

involves interstate commerce." *Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 538, 542 S.E.2d 360, 363 (2001) (emphasis added). Multiple cases recognize the sale and financing of an automobile as involving interstate commerce. *See, e.g.*, *York v. Dodgeland of Columbia, Inc.*, 406 S.C. 67, 79, 749 S.E.2d 139, 145 (Ct. App. 2013); *Masters v. KOL, Inc.*, 431 S.C. 28, 37 n.6, 846 S.E.2d 893, 897 n.6 (Ct. App. 2020).

In *Sanders*, our supreme court recognized that "we must apply the *Prima Paint* doctrine in cases governed by the FAA." 440 S.C. at 385, 892 S.E.2d at 116. In *Prima Paint*, "the [U.S.] Supreme Court adopted what has become known as the severability (or separability) doctrine: '[A]rbitration clauses as a matter of federal law are "separable" from the contracts in which they are embedded[.]'" *Id.* (second and third alterations in original) (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402 (1967)); *see also id.* at 386, 892 S.E.2d at 116 ("Pursuant to the *Prima Paint* doctrine, the FAA requires courts to separate the validity of an arbitration clause from the validity of the contract in which it is embedded." (quoting *Damico v. Lennar Carolinas, LLC*, 437 S.C. 596, 608–09, 879 S.E.2d 746, 753 (2022))). Our supreme court explained, "The takeaway from *Prima Paint* is that the scope of the challenge to a party's right to invoke arbitration is critical." *Id.* at 385, 892 S.E.2d at 116.

In practice, determining whether a particular argument is for an arbitrator or for a court to decide depends on the gateway argument the party opposing arbitration is making. Courts remain the proper forum to decide the most basic threshold issues of contract formation. *Id.* at 387–88, 892 S.E.2d at 117–18; *see also Partain*, 386 S.C. at 494, 689 S.E.2d at 605 ("After all, arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit."). The arbitrator decides challenges to the validity of the "container contract" like the argument that the parties' broader agreement is unconscionable. *Sanders*, 440 S.C. at 386, 892 S.E.2d at 116. When a party challenges the validity of the arbitration agreement alone, however, that is also a question for the court. *Id.* ("[T]he court may hear a claim that an arbitration provision is unconscionable, but the arbitrator must hear a claim that the contract as a whole is unconscionable.").

We read our supreme court's opinion in *Sanders* as holding that challenges pertaining to "whether [a] contract continued to exist after a certain point in time" are issues for the arbitrator to decide. *Id.* at 389–91, 892 S.E.2d at 118–19. This includes a challenge as to whether the party seeking to compel arbitration assigned and thereby lost its right to compel arbitration. *Id.* at 391, 892 S.E.2d at 119 ("*Prima Paint* requires the arbitrator to decide whether [a party] retained the right to compel arbitration after assignment [of the container contract]."). Here, the circuit court

found Love's right was extinguished when it assigned the financing agreements to GM Financial.  Because we understand *Sanders* as holding this determination should have been reserved for the arbitrator, we reverse.

We decline to address any remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling it unnecessary for an appellate court to address remaining issues when its resolution of a prior issue is dispositive).  This reversal is without prejudice to the parties' other arguments for or against arbitration.

**REVERSED AND REMANDED.**

**THOMAS, HEWITT, and VINSON, JJ., concur.**